Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0700 | **DATE** | 9/7/2011 |
| **CASE TITLE** | Melvin Centeno (#K-72719) vs. Michael P. Randle, et al. | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to dismiss [#28] is denied. The plaintiff's motion in opposition to the motion to dismiss [#33] is granted. Defendants Funk, Wexford, Ghosh, and Zhang are directed to answer or otherwise plead within twenty-one days of the date of this order.

○ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has been denied proper care, treatment, and pain management for his chronic knee problems. This matter is before the court for ruling on certain defendants' motion to dismiss the case on grounds of *res judicata*. For the reasons stated in this order, the motion is denied.

The defendants employed by Wexford Health Sources, Inc., maintain that this suit is barred by the settlement agreement reached in *Centeno v. Wexford Health Sources*, Case No. 08 C 2756 (N.D. Ill.). By Minute Order of July 29, 2011, the court directed the defendants to submit a copy of the executed settlement agreement. Rather than comply with the order or seek leave to submit the document for *in camera* inspection, the defendants simply ignored the court's directive on the asserted basis that the release contains a confidentiality provision. The court cannot, of course, determine whether a settlement agreement precludes a later suit without reviewing the scope and terms of the actual agreement.

Aside from concerns about considering *res judicata* in the abstract, one of the requirements of that doctrine is identity of causes of action. *See, e.g., Arlin-Golf, LLC v. Villge of Arlington Heights*, 631 F.3d 818, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

821 (7th Cir. 2011). An identity of causes of action occurs if a later claim emerges from the same core of operative facts as the earlier action. *Sunrise Orchards, Inc. v. Pets Calvert Co.*, No. 08 C 6684, 2010 WL 1194203, *5 (N.D. Ill. Mar. 23, 2010) (Dow, J.), citing *Highway J Citizens Group v. U.S. Dept. of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006). Claims are considered the same for purposes of claim preclusion if they are "based on the same, or nearly the same, factual allegations." *Cole v. Bd. of Trustees of Univ. of Ill.*, 497 F.3d 770, 772-73 (7th Cir.2007) (internal quotation marks and citation omitted). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).

      In the case at bar, the defendants have failed to demonstrate identity of causes of action. Case No. 08 C 2756 was dismissed pursuant to settlement agreement on July 7, 2009; the instant complaint catalogues events beginning in December 2009. The court recognizes that, under Illinois law, a dismissal based on a court approved settlement operates as a final adjudication on the merits with respect to any issues that were raised or might have been raised in the proceeding. *Hernandez ex rel. Gonzalez v. Tapia*, No. 10 C 4124, 2010 WL 5232942, *7 (N.D. Ill. Dec. 15, 2010) (Lefkow, J.). But the court is troubled by the proposition that a settlement agreement could be applied against a *pro se* inmate in such a way as to foreclose any right to challenge subsequent medical care. The court is not satisfied that any issues surrounding the quality of the plaintiff's pre-July 2009 medical care are transactionally the same as any issues relating to post-settlement medical treatment. If, of course, the plaintiff is simply still insisting that he needs the same knee surgery previously sought and his circumstances have not changed, then a motion for summary judgment may be appropriate. However, the complaint on file does not appear on its face to be duplicative of the previously dismissed case.

      Finally, to the extent that defendants argue that there is "no evidence" to support the plaintiff's contention that he needs a total knee replacement, *see* Defendants' Reply Brief, at p. 1, the defendants overstate the plaintiff's burden. At this stage of the litigation, the plaintiff is not is not required to plead or produce evidence. *See, e.g., DeGeer v. Gillis*, 707 F. Supp. 2d 784, 794 (N.D. Ill. 2010) (Bucklo, J.), citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (noting that a complaint need not plead evidence); *Packaging Supplies, Inc. v. Harley–Davidson, Inc.*, No. 08 C 400, 2009 WL 855798, *5 (N.D. Ill. Mar. 30, 2009) (Dow, J.) ("[W]hile a plaintiff at the pleading stage must allege plausible facts, it need not marshal all of its evidence.").

      Here, the plaintiff alleges that he has been denied needed treatment, including pain management, and not just knee surgery. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). A condition may be objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), *citing Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).
**(CONTINUED)**

| STATEMENT (continued) |
|---|

The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Sherrod, v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). The plaintiff's allegations are sufficient to survive a motion to dismiss.

For the foregoing reasons, the defendants' motion to dismiss is denied. The Wexford defendants are directed to answer or otherwise plead within twenty-one days of the date of this order.